PER CURIAM.
By indictment of a grand jury of Palm Beach County, the appellant was charged with murder in the first degree, alleging he caused the death of one Milicent Gray Baker, in that county, by premeditated design by gunshot. A change of venue was granted, and jury trial was held in Dade County. The verdict rendered was “guilty of murder in the third degree.” Following denial of a motion for new trial the defendant was adjudged guilty of the offense named in the verdict and sentenced to imprisonment in the state penitentiary for a period of twenty years. These consolidated appeals by the, defendant are from the judgment and sentence.
One of the participants, who had previously been conviqjed for a killing which occurred on the occasion in question, testified that the appellant and two other men or boys (of whom said witness was one) entered a 7-Eleven store; the appellant, with a gun, demanded money of the man in charge and shot him when he refused prompt obedience and reached for a gun; that the appellant then shot the woman customer for whose death he was charged in this case.
The appellant contends the court erred (1) by permitting the deceased victim to be identified by a relative; (2) by denying his motion for a new trial “where it appeared the prosecutor allowed a critical witness to testify falsely concerning his deal with the state” ; and (3) by submitting confusing instructions on the felony murder doctrine. On consideration thereof in the light of the record, briefs and argument we hold reversible error has not been shown.
In the circumstances of the case, as fully outlined with record references in the brief of the state, we are impelled to conclude that permitting identification of the victim by her brother did not constitute reversible error. The existence of a family of the victim was otherwise revealed. The evidence showed the victim’s seven year old child was with her at the time. The alibi defense relied on by the defendant prompted evidence as to the exact time of the occurrence, including testimony by the victim’s husband as to the time of her proceeding to the store with the boy. The error, if any, in that connection was not harmful.
The appellant’s contention that the prosecutor allowed the participant who had been convicted to “testify falsely concerning his deal with the state” is found to be without support in the record.
We have considered the appellant’s third contention and hold it is without merit.
The judgment and sentence are affirmed.